UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE PEREZ,<br><br>            Plaintiff,<br><br>     v.<br><br>ZF INVESTMENTS, INC.,<br><br>            Defendant. | Case No. CV 25-6069 PVC<br><br>**MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. No. 7)** |

## I.

## INTRODUCTION

On June 3, 2025, Plaintiff filed her First Amended Complaint against Defendant in Los Angeles County Superior Court, alleging violations of the Americans with Disabilities Act (ADA) and the Unruh Civil Rights Act. (Dkt. No. 1-1). Defendant removed the action to this Court on July 3, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446. (Dkt. No. 1). The parties have consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 5, 11).

On July 14, 2025, Plaintiff filed a Motion to Remand Action to the Superior Court of California for the County of Los Angeles, noticing it for hearing on August 19, 2025. ("Motion," Dkt. No. 7). She contends that this action should be remanded to state court for lack of subject matter jurisdiction. (*Id.* at 2). On July 21, Defendant filed its Opposition to the Motion (Dkt. No. 10), along with the Declaration of Stephen Abraham ("Abraham Decl.," Dkt. No. 10-3).

The Court finds this matter appropriate for resolution without a hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated below, the Motion to Remand is DENIED.

## II.

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff is a California resident with physical disabilities, which restricts her ability to walk, stand, and sit for long periods of time. (FAC ¶ 1). She relies on a cane or walker to ambulate. (*Id.*). Defendant owns the property located at 412 West Duarte Road in Monrovia, California (the "Property"), which includes a business establishment named Night Cap Liquor (the "Business"). (*Id.* ¶¶ 3–4). Plaintiff alleges that she visited the Property in January and April 2025 to patronize the Business but was unable to because the Property failed to comply with California and federal access standards or failed to maintain accessible features in an operable working condition. (*Id.* ¶¶ 24–26). Specifically, Plaintiff contends when she visited the Property, she "experienced multiple access barriers, including but not limited to barriers related to parking, route(s) of travel, and signage." (*Id.* ¶ 31). Plaintiff asserts that she "intends and plans to visit the Property again soon … [but] is reasonably deterred from returning to [the Property] because of the knowledge of barriers to equal access, relating to [her] disabilities, that continue to exist at the Property." (*Id.* ¶ 35; *see* ¶¶ 6 ["Plaintiff has reasons for the visits and has reasons to

1  want to go back but for the access barriers."], 57 ["Plaintiff would like to continue to
2  frequent the Property; however, Plaintiff is deterred from doing so because Plaintiff … is
3  aware of accessibility barriers at the Property."]).  Plaintiff seeks injunctive relief,
4  damages under the Unruh Civil Rights Act, and fees and costs.  (*Id.* at 13).

## III.
## DISCUSSION

Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002); *see Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that "the burden on removal rests with the removing defendant").  Nevertheless, "the question whether a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint."  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).  While "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action, … a case may [also] arise under federal law where the vindication of a right under state law necessarily turned on some construction of federal law."  *Id.* (citation omitted).

Plaintiff's claims clearly arise under federal law.  The first cause of action asserts that the Property fails to comply with ADA standards.  (FAC ¶¶ 41–58).  And the second cause of action alleges that the ADA violations also violate the Unruh Act.  (*Id.* ¶¶ 59–67).

3

Nevertheless, Plaintiff incredibly contends that she lacks Article III standing. (Motion at 12). Before a federal district court may exercise jurisdiction over a claim, the plaintiff must demonstrate that she has Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–62 (1992). To demonstrate standing, the plaintiff must establish that she has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (citations omitted). Moreover, for a plaintiff seeking injunctive relief, she also "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). This standard can be satisfied in one of two ways. First, the plaintiff can allege that she "intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id.* at 950. Alternatively, the plaintiff can assert that "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id*.

Plaintiff falsely asserts that she "has not pleaded any intent to return to the subject property and there are therefore no facts alleged upon which this Court could determine that Article III standing exists." (Motion at 12). To the contrary, as described *supra* § II, the verified Amended Complaint unequivocally asserts that "Plaintiff would like to continue to frequent the Property; however, Plaintiff is deterred from doing so because Plaintiff … is aware of accessibility barriers at the Property." (FAC ¶ 57). Plaintiff also asserts under penalty of perjury (*id.* at 14) that she "intends and plans to visit the Property again soon … [but] is reasonably deterred from returning to [the Property] because of the knowledge of barriers to equal access, relating to [her] disabilities, that continue to exist at the Property" (*id.* ¶ 35).

At this stage of the litigation, these allegations are more than sufficient to satisfy Plaintiff's burden that she has Article III standing. The Motion to Remand is DENIED.

Courts may sanction attorneys for "excess costs, expenses, and attorneys' fees" if they "unreasonably and vexatiously" multiply the proceedings in a case. 28 U.S.C. § 1927. Sanctions pursuant to § 1927 "must be supported by a finding of subjective bad faith." *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (citation omitted). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument …." *Id*. (citation omitted). "[I]n the contexts of § 1927, frivolousness should be understood as referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010). Courts may also issue sanctions under their inherent authority when attorneys or parties act "in bad faith, vexatiously, wantonly, or for oppressive reasons … [or] willfully abuse judicial processes." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)). For sanctions, under both § 1927 and pursuant to a court's inherent powers, "district courts enjoy much discretion in determining whether and how much sanctions are appropriate." *Haynes v. City & Cnty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012).

The Court finds that Plaintiff and her counsel acted in bad faith. They willfully abused judicial processes by knowingly filing a frivolous Motion that had no basis in law or fact. Defendant is entitled to its reasonable fees for defending against this frivolous Motion. Counsel asserts that he spent four hours at $650 per hour to respond to the Motion to Compel. (Abraham Decl. ¶¶ 3–5, 11–12). The Court finds that counsel's hourly rate and the number of hours expended are reasonable.

IV.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Remand (Dkt. No. 7) is DENIED. The hearing set for August 19, 2025, is VACATED. The Court AWARDS Defendant its attorney's fees totaling $2,600. Plaintiff's counsel alone is responsible for paying these fees, which shall be paid by September 15, 2025.

DATE: August 15, 2025

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE